UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| REGINALD TURNER, | ) | |
| Institutional ID No. 68758, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:14-CV-022-BG |
| TEXAS DEPARTMENT OF | ) | ECF |
| CRIMINAL JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I. *Introduction*

*Pro se* Plaintiff Reginald Turner brings this action *in forma pauperis* complaining of pain and limitation following treatment with a steroid injection during his incarceration by the Texas Department of Criminal Justice (TDCJ). Thereafter, Turner advised the court that he was released from TDCJ and detained at Kaufman County Jail in the Dallas-Fort Worth area. Because it was not feasible to conduct an oral hearing, the undersigned ordered Turner to provide responses to a Questionnaire, and Turner complied with the order. *See Brewster v. Dretke*, 587 F.3d 764, 767–78 (5th Cir. 2009); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (acknowledging the use of a questionnaire to aid in the review of a *pro se* litigant's complaint at the preliminary screening stage). Responses to a questionnaire become part of the plaintiff's pleadings, *Berry*, 192 F.3d at 507, and the undersigned has considered Turner's responses in conjunction with his Complaint. The undersigned also considered authenticated medical records from TDCJ. Based on the foregoing and the applicable law, it is recommended that the district court dismiss this action.

II.     *Standard of Review*

A court is required to dismiss a complaint filed *in forma pauperis* if it is determined that the allegation of poverty is untrue or that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2014). An action is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). An action lacks an arguable basis in law if it is based on an "undisputably meritless legal theory" and lacks an arguable basis in fact "if the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

When screening a complaint under § 1915, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Furthermore, the court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

III.    *Legal Standard*

Because Turner complains of an incident related to his medical care, his Complaint must be analyzed under Eighth Amendment jurisprudence. Under the Eighth Amendment to the United States Constitution, prison officials must provide inmates with adequate medical care during incarceration. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (citation and internal

2

quotation omitted).  Thus, a prison official violates the Eighth Amendment when he acts with deliberate indifference to an inmate's serious needs, "constituting an unnecessary and wanton infliction of pain." *Id*.  A prison official acts with deliberate indifference to serious medical needs if he refuses to treat an inmate, ignores his complaints, intentionally treats him incorrectly, or engages in any similar conduct that demonstrates "a wanton disregard for any serious medical needs."  *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (citations and internal quotations omitted).

Although actions undertaken by mistake or lack of due care may cause unforeseen harm or injury to an inmate, such actions do not support an Eighth Amendment claim, although they may support a state tort claim of negligence or medical malpractice.  *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  State court rather than federal court is the proper forum for such claims.  *Id.*

IV.     *Discussion*

Turner alleges in his Complaint that a physician's assistant ordered a steroid shot for him and a nurse administered the shot in his right buttock sometime in the early part of 2013.  He names as defendants the physician's assistant, nurse, TDCJ, and UTMB, a hospital that provides medical treatment to prisoners incarcerated by TDCJ.

Turner alleges that he has suffered pain in his right leg since the nurse gave him the injection and that the pain impedes his ability to stand and walk.  For example, he claims that he cannot stand in the shower for more than two minutes and cannot walk ten steps without stopping because of pain.  Turner asks the court to award him a "settlement" of $600,000 for damages related to "future medical expenses and livelihood."  Pl.s' Compl. 4.

3

Turner's allegations, based on the face of his Complaint, do not demonstrate a violation of the Eighth Amendment and this is true no matter how the court construes his allegations. Whether Turner is claiming that a steroid injection was not the correct treatment for his medical condition, the nurse administered the injection incorrectly, or the syringe contained contaminated serum, his allegations, while they may support a state tort claim, do not demonstrate deliberate indifference to serious medical needs. No where in his Complaint does Turner allege that the physician's assistant or the nurse intentionally mistreated him or ignored his serious medical needs. Instead, he focuses his allegations on the harm that resulted from the treatment provided for him with the steroid injection—he complains about how the treatment affected him. This is critical because an unforeseeable accident or consequence, "although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle*, 429 U.S. at 105. It is only allegations of acts or omissions of deliberate indifference to serious medical needs "that offend the evolving standards of decency" that violate the Eighth Amendment. *Id*. at 106. Allegations of negligence related to the diagnosis or treatment of a medical condition are not the sort that support an Eighth Amendment claim of cruel and unusual punishment. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). The undersigned sympathizes with Turner for the pain and extreme limitation he claims he has suffered as a result of the steroid injection. However, the allegations in Turner's Complaint, although they may form the basis of a state tort claim, do not rise to the level of an Eighth Amendment claim and are therefore not cognizable in this court. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

The responses Turner provided to the Questionnaire do not change this conclusion. Turner provides factual detail and medical history regarding the knee that was treated with the steroid injection. He alleges that he underwent surgery for an injury he sustained to his knee in high school, and he further alleges that he sustained another injury to his knee on the prison basketball court in November 2012. He claims that he experienced swelling and "popping" in his knee thereafter and that medical staff decided to treat the condition with the steroid injection on February 15, 2013. As he alleges in his Complaint, he claims in his responses that he was able to walk without difficulty prior to February 15, 2013, and has, since that time, experienced constant pain as well as limitations in his ability to stand, walk, and perform daily activities.

Turner then complains of the decision to treat his knee with the steroid injection and of the consequences of the treatment. He contends that an MRI should have been ordered; he states that he does not understand why medical staff believed that a steroid injection was an appropriate treatment. He further contends that a physician at a hospital told him that it is possible that he suffered sciatic nerve damage from the steroid injection and may experience pain as a result for the remainder of his life. He asks the court to award him "at least $800,000" for pain and suffering, "damages to my nerve," past and future medical expenses, and "medical malpractice." Resp. 8.

The additional details that Turner alleges in his responses to the Questionnaire may, at most, constitute elements of negligence that would support a state law claim of medical malpractice. However, his allegations do not support an Eighth Amendment claim. Allegations that medical staff were mistaken in their diagnosis of the prisoner's medical condition does not rise to the level of an Eighth Amendment claim. *Stewart*, 174 F.3d at 534. Nor do allegations that medical personnel should have attempted different diagnostic testing or forms of treatment. *Norton v. Dimanzana*, 122

5

F.3d 286, 292 (5th Cir.1997). Such allegations may demonstrate a disagreement with medical treatment or medical judgment, but they are insufficient to show deliberate indifference to serious medical needs. *Id.* According to Turner's allegations, medical staff attempted to alleviate the problems he experienced in his knee with a steroid injection. Although the treatment may have caused unintended consequences, medical staff did not act deliberately indifferent to Turner's medical condition. His claims against the physician's assistant and nurse should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Finally, Turner's claims against Defendants UTMB and TDCJ, instrumentalities of the State of Texas, are barred by the Eleventh Amendment. *Pete v. Metcalfe*, 8 F.3d 214, 216 (5th Cir. 1993); *see also Aguilar v. Texas Dep't. Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("[t]he Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983."). Because Turner seeks relief from entities that are immune from such relief, the district court should dismiss his claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

V.      *Recommendation*

Based on the discussion in this Report and Recommendation, the undersigned recommends that the district court dismiss this action and all claims therein pursuant to 28 U.S.C. § 1915(e).

The undersigned further recommends that any pending motions be denied as moot and that this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) (setting forth the standard for assessing strikes under the Prison Litigation Reform Act).

VI.     *Right to Object*

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   October 1, 2014.

NANCY M. KOENIG
United States Magistrate Judge

7