IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| REGINALD TURNER, <br> TDCJ-CID ID No. 1812043, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS DEPARTMENT OF <br> CRIMINAL JUSTICE, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § | <br><br><br><br> CIVIL ACTION NO. <br> 5:14-CV-00022-C <br><br><br><br><br><br> ECF |

## ORDER

Plaintiff Reginald Turner, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 20, 2014, in the United States District Court for the Western District of Texas, Waco Division (Civil Action No. 6:14-CV-00043). By Order dated February 21, 2014, the complaint was transferred to the United States District Court for the Northern District of Texas, Lubbock Division, and assigned Civil Action No. 5:14-CV-00018-C. Plaintiff was subsequently granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). He alleges that the named defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when he was incarcerated in the Texas Department of Criminal Justice Wheeler Unit, and he seeks monetary damages. Defendants have not filed an answer.

On April 25, 2014, the complaint was transferred to the docket of the United States Magistrate Judge, who determined that it would not be feasible to conduct an evidentiary hearing pursuant to *Spears v. McCotter,* 766 F.2d 179, 181-82 (5th Cir. 1998), ordered TDCJ to provide authenticated copies of the records pertaining to Plaintiff's allegations, and ordered Plaintiff to answer a questionnaire. *See Watson v. Ault,* 525 F.2d 886, 892 (1976) (holding that a questionnaire may be used to develop the factual basis of a prisoner complaint). TDCJ filed the records on June

3 and June 6, 2014, and Plaintiff filed his answers to the questionnaire on July 17, 2014. When Plaintiff failed to consent to the jurisdiction of the Magistrate Judge, she completed the preliminary screening pursuant to 28 U.S.C. §§ 1915 and 1915A, filed a Report and Recommendation on October 1, 2014, and transferred the complaint back to this Court. Plaintiff did not file a reply or objections to the Report and Recommendation.

The undersigned District Judge has made an independent examination of the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED.

It is, therefore, **ORDERED**:

(1) Civil Action No. 5:14-CV-00022-C and all claims alleged therein are DISMISSED with prejudice as frivolous and for failure to state a claim.

(2) Any pending motions are DENIED.

(3) The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.") (emphasis added); *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(4) This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996).

Judgment shall be entered accordingly.

Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

A copy of this Order shall be mailed to the Office of General Counsel, TDCJ-ID Litigation Support, P.O. Box 13084, Austin, Texas, 78711 and to TDCJ Local Funds Division, P.O. Box 629, Huntsville, Texas 77342-0629.

Dated December 8, 2014.

SAM R. CUMMINGS
United States District Judge